G. W. Hazelton, for the United States.
Murphey & Goodwin, for defendant.

## Case No. 15,229.

### UNITED STATES v. GOODWIN.

#### [4 Mason, 128.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1825.

CUSTOMS DUTIES—PALMETTA HATS.

Hats made of palmetta leaf are not hats made of straw, chip, or grass, within the act of 22d May, 1824, c. 136 [4 Stat. 25], and therefore pay only a duty of 15 per cent. ad valorem.

[Cited in An Ullage Box of Sugar, Case No. 14,324.]

[This was an action by the United States against F. H. Goodwin.] The case was re-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[1] [Reported by William P. Mason, Esq.]

ferred to the decision of the court upon the following statement of facts, which was agreed upon by the parties: "It is agreed, that the goods in question, before they were imported into the port of Passamaquoddy, had been imported into St. Andrews, in the province of New Brunswick, and were lying in St. Andrews, and intended to be imported, or not imported into the United States, according as the duties should be found, on inquiry, to be an ad valorem duty of fifteen per cent. as on unenumerated articles, or an ad valorem duty of fifty per cent. as on hats under the denomination of hats of straw, chip, or grass; that for the purpose of getting this information he, the defendant, went to the port of Passamaquoddy, and made the inquiry of the collector through the deputy collector; that said collector took time for the examination and to give the answer; that his deliberate answer, after mature examination and reflection, was, that an ad valorem duty of fifteen per cent. was to be paid, as on unenumerated articles; that upon this information, and in consequence thereof, he, the defendant, imported said goods into the port of Passamaquoddy, whicl he should not have done, had he been informed that a duty of fifty per cent. would have been to be paid; that said goods were duly entered, and the duties demanded, viz. fifteen per cent. as on unenumerated articles, were duly paid by the defendant, amounting to the sum of $40.49, and that a certificate was given by the deputy collector, under the seal of the custom-house, certifying that said goods had been imported into said port, and the duties thereon paid; that said hats are a species of hats fabricated of palmetta leaf."

The first question is, is not said certificate a discharge and release to the defendant from all liability for duties on said importation, whatever the duties may be?

If it be not such a discharge and release, the second question is, what duty does the law require in the importation of that species of hats? The law, on which the plaintiffs rely, is the statute passed the 22d of May, 1824, entitled "An act to amend the several acts imposing duties on imports." The section of the said act, on which the plaintiffs rely, is the 4th, and is in these words: "On all Leghorn hats or bonnets, and all hats or bonnets of straw, chip, or grass, and all flats, braids, or plats for the making of hats or bonnets, a duty of fifty per centum ad valorem: Provided, that all Leghorn hats and bonnets, and all hats or bonnets of straw, chip, or grass, which, at the place whence imported with the addition of ten per centum, shall have cost less than one dollar each, shall be taken and deemed to have cost one dollar each, and shall be charged with duty accordingly." "It is agreed, that these hats were imported into St. Andrews, and thence into the port of Passamaquoddy from Campeachy in the province Ytica, a province of Mexico. The question arising is, whether hats, which are fabricated of palmetta leaf, come under the denomina-

tion of 'hats of straw, of chip, or of grass.' If they do not, it is agreed that these palmetta leaf made hats pay only an ad valorem duty of fifteen per cent.; and that the ad valorem duties due thereon. have been duly paid. If hats fabricated of palmetta leaf come under the denomination of hats of straw, or chip, or grass, then it is agreed, that said hats are to pay an ad valorem duty of fifty per cent."

The case was shorty argued by Pearse, Dist. Atty., for the United States, and A. Robbins, for defendant; and by consent, an affidavit of a person acquainted with the palmetta tree was read.

STORY, Circuit Justice. Upon the first question the court is of opinion, that if by a mistake of the collector the full duty is not paid to the United States, they may maintain a suit against the owner for the deficiency. By law the duty on goods imported is a debt due to the United States.

As to the second point, we think it really admits of no doubt. The palmetta is a tree of a large trunk, and the hats are made of the leaves of that tree. Some of the trunks are at the bottom three feet in circumference. and grow to eight feet high. But it is decisive with us, that the hats are made of the leaf, and of no other part of the tree. The act of 22d May, 1824 (chapter 136), puts an ad valorem duty of fifty per cent. on hats of straw, chip, or grass. A hat made of a leaf is not made of straw, chip or grass, in any common or technical sense. A chip hat is made of the ligneous strips of a tree. Straw and grass are too well known to require any description. Judgment must therefore be for the defendant. Judgment accordingly.

———

UNITED STATES (GOODWIN v.). See Case No. 5,554.